## Buffington Estate

R. J. Woodside, for administrator, c.t.a.
Earl Richard Etzweiler, for exceptants.

SWOPE, P. J., September 25, 1968.—This matter comes before us on exceptions to the proposed schedule of distribution filed with the first and final acount of the estate of John B. Buffington, who died, testate, on February 28, 1963. Counsel for both exceptants and the Millersburg Trust Company, administrator, c.t.a. of the estate have agreed to and stipulated the facts as follows.

On June 11, 1938, John B. Buffington executed a will in which he disposed of his property using the following language:

"That my Wife Dora B. Buffington is to hold and retain my real and personal property. Until after her death, after her funeral expenses are paid in full. Guy B. Buffington our Grandson is to be the SOLE HEIR with this one and only exception that he is to pay to each of his sisters. Charmazelle I. Buffington and Patricia Buffington One Hundred Dollars ($100.00) after they are married".

Dora B. Buffington died in January, 1945. On December 1, 1947, pursuant to the recommendation of a

duly appointed commission, John B. Buffington was committed to the Harrisburg State Hospital where he remained until his death. On January 5, 1948, he was declared incompetent and on the same day the Millersburg Trust Company was appointed guardian of his estate. Guy B. Buffington, Jr., grandson of testator, died on January 26, 1958, leaving to survive him a wife Helen, and a minor son, Timmie, who was born on October 29, 1954. Testator died February 28, 1963, having no knowledge of the birth of his great grandson. On April 2, 1964, the Millersburg Trust Company was appointed guardian of the estate of Timmie L. Buffington.

On April 8, 1964, the Millersburg Trust Company filed its first and final account, recommending that the entire estate of John B. Buffington, with the exception of $200 to be paid to the two exceptants, be distributed to the Millersburg Trust Company as guardian of the estate of Timmie L. Buffington. Exceptants object to this proposed distribution, contending that testator's language created a bequest to Guy B. Buffington conditioned upon his surviving testator. They argue that the gift of residue to Guy B. Buffington lapsed upon his death and that it should be therefore distributed under the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1, et seq. a result which would entitle them to share equally in the estate with testator's great grandson. The court notes that this position suggests a determination which is contrary to the presumption against intestacy: Keffalas Estate, 426 Pa. 432.

We are of the opinion that exceptants' contention is without merit and that distribution should be made pursuant to the proposed schedule of distribution. This conclusion is based upon the Wills Act of April 24, 1947, P. L. 80, 20 PS §1, et seq., a result which would provides that in the absence of a contrary intent the following rule applies:

(8) "Lapsed and void devises and legacies—Substitution of issue. A devise or bequest to a child or other issue of the testator or to his brother or sister or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator . . . ".

Exceptants urge that this section is inapplicable because testator evidenced a contrary intent in his will. They maintain that in using the words "SOLE HEIR," testator meant "none other than the grandson," which in effect conditioned the gift to the grandson upon his being alive at testator's death. We believe that this interpretation is strained and in effect distorts the more reasonable meaning of these words. We conclude that testator used these words to emphasize the absolute character of the gift to his grandson and to indicate that he was to enjoy it to the exclusion of all others. Appeal of the Boards of Missions of the United Presbyterian Church, 91 Pa. 507. This interpretation appears entirely reasonable in light of the fact that testator had cared for his grandson since the time of his son's death in October 1928. Having served as a father to the child, it is reasonable to conclude that testator intended to make special provision for him in his will.

Accordingly, we make the following

### ORDER

And now, September 25, 1968, the within exceptions are hereby dismissed and upon confirmation of the account, distribution will be ordered in the within estate in accordance with the proposed schedule of distribution attached thereto unless exceptions be filed hereto within 10 days of the date of this order.